The opinion of the Court was delivered by
Johnson, J.
1. It would be useless, at this day, to attempt to prove that a party’s acknowledgment should be taken altogether, and not garbled — taking the part which *makes against him, and rejecting that which is made in his favor. If there be any general rule, without exception, I think this may be considered of that character. I confess, I am myself ignorant that there exists one. It must not, however, be understood, that this rnle renders it necessary, or that it follows of course, that the whole of the acknowledgment must, receive equal credit. On the contrary, when they are contradictory, or their weight is increased, or diminished by circumstances, probabilities must determine the degree of respect due them.
In this case, from the very nature of the contract, no liability could attach to the defendant until the horse went into his possession; and the only evidence to establish that fact was his own acknowledgments : and he, at the same time, rendered a reason that has been deemed satisfactory why he was not returned or paid for; and if the rule laid down be worth anything, it was admissible. But it is said that it ought to have been rejected, because it came out on the cross-examination. To this I answer, that if a party is allowed to seal the mouth of the witness, as soon as he gets out an answer suited to his case, it would not only subvert the rule, but raze the very foundation of justice.
Connected with this subject, it was insisted, in the argument, that the probabilities were against the truth of the facts operating in favor of the defendant. From the best consideration I was, and am still, able, to give *254 them, I think otherwise. It appears to me more probable, that a man of good character would speak the truth, in relation to such a subject, than a falsehood, where the probabilities of its being discovered were so great, as would exist, if the horse were still in existence.
Lance, for the motion. Dunkin, contra.
2. The argument, on the second ground, assumed the position that the possession of the defendant fell within that class of bailments, in which the slightest negligence makes the bailee chargeable, and which are usually denominated loans far use. A distinguished ingredient in this class is, ^at ^ a PO^ssion, or *bailment from which the borrower alone derives a benefit. That ingredient was wanting in this case; for although the defendant had the use, it was equally a benefit to the plaintiff. It was, in effect, carrying his property to a market, in which he would probably find a purchaser, for no other consideration than the use of the thing in transitu ; and bears, I think, the strongest analogy to Sir William Jones’ fifth species of bailment, in which nothing more than ordinary diligence is necessary to discharge the bailee. Now, the only inquiry is, whether the defendant was wanting in this respect ?
By ordinary diligence, I understand that sort of care which a prudent man would exercise in relation to his own affairs; and to fix on that character, we must look through the community generally, selecting neither the most scrupulously diligent, nor the most negligent, and having thus established a standard, with a view to the habits of the country in which we live, I know of no other means of making the application than by the self-inquiry. What should I have done under similar circumstances ? The most diligent would not perhaps have trusted a sick horse to a servant ; and yet, I think, I may safely affirm, that, among the ordinarily careful, fifteen out of twenty would have done so, especially when they were to return in a very short period. And, if an argument may be drawn from probabilities, the horse was, perhaps, safer in the hands of the servant than the defendant’s; for I think it will generally be found, that the man is, usually, more skilled in the diseases of horses than the master.
There is, however, another circumstance in this case, which, I think, entitled to some weight. The disease of which the horse died is one for which, so far as I am informed, no adequate remedy has yet been discovered; and, if not certainly fatal, is of that desperate character which promises but little prospect from the greatest attention. And it would have furn^s^e(l the plaintiff a very inadequate *remuneration to have the defendant stand by, and look on the animal, without the possibility of giving relief.
I am of opinion the motion ought to be dismissed.
Codoook, Cheves, and Richardson, JJ., concurred.
Gantt, J., dissented.
See 2 Rich. 48.